**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**


| | |
|---|---|
| **DORETHA BRADLEY; JOSEPH & JOSIE BYRD; HENRY & HATTIE COLLINS; JUSTIN & HEATHER HIGGINS; EDWARD & ELEANOR SMITH; LINDA ROBINSON; ELLAWEEN BYRD; JOE RILEY; WALLACE RESMONDO; JIMMY MURRELL; JAMES & ADDIE BUTLER; GARY & VELEICIA SINGLETON; CHRISTINE MEANS,** | ) ) ) ) ) ) ) ) ) |
| **Plaintiffs,** | ) ) |
| **v.** | ) **CASE NUMBER: 08-0183** ) |
| **AMERIQUEST MORTGAGE COMPANY, INC.,** | ) ) ) |
| **Defendant.** | ) ) |

**COMPLAINT**

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage Company, Inc. aver as follows:

**JURISDICTION**

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331.

**SUMMARY OF CLAIMS**

These claims arise from real estate loan transactions resulting in mortgages upon Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from the same general conduct, seek the same relief, rely upon the same legal theories, require

application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA.  Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions.  As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained their right to cancel the transaction.  Each Plaintiff has exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA.  As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations.  Plaintiffs seek a court determination that their loan transaction has been rescinded.  Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

## THE PARTIES

Plaintiffs are all of full age of majority and reside in this district.

Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California.  At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans.  AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

## FACTS

### Applicable Truth In Lending Act Requirements

3.     Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq*., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").

TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.    Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA.  15 U.S.C. § 1635(a).  Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires.  12 C.F.R. § 226.23(b)(1).  This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1).  If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan.  15 U.S.C. § 1635(f).  If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.    A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business.  Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage.  12 C.F.R. § 226.23(a)(2).

6.    When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge.  15 U.S.C. § 1635(b).

7.    Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the

termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8.      As to each of the Plaintiffs' loans, AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9.      With respect to each of the Plaintiffs' loans, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10.     Pursuant to TILA, Section 15 U.S.C. § 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11.     Each of the Plaintiffs has exercised their right to cancel the transaction and has notified AMC of her election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

12.     AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Bradley Loan**

13.     Plaintiff Doretha Bradley is an adult resident of Baldwin County, Alabama and at all material times resided at 103 Richmond Road in Daphne, Alabama.

14.     On or about December 15, 2004, Ms. Bradley obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $121,500 and was secured by a mortgage security interest in Plaintiff's home.   (This loan is hereinafter referred to as the "Bradley Loan").

15.     AMC failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

16.     With respect to the Bradley loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

17.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Bradley retained her right to cancel the transaction.

18.     By letter dated March 4, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a

violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT I
## TILA Violations - Bradley

21.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.     Plaintiff has properly and effectively cancelled and rescinded the Bradley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.     Defendant has violated TILA, with respect to the Bradley Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

> (B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Doretha Bradley respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)      Rescission of the Bradley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The JJByrd Loan**

24.     Plaintiffs Joseph and Josie Byrd are adult residents of Mobile County, Alabama and at all material times resided at 2426 Redfox Road in Mount Vernon, Alabama.

25.     On or about March 31, 2005, Mr. and Mrs. Byrd obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $107,000 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "JJByrd Loan").

26.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the JJByrd loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not

dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

27.     With respect to the JJByrd loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

28.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Joseph and Josie Byrd retained their right to cancel the transaction.

29.     By letter dated February 5, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

30.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

### COUNT II
### TILA Violations - JJByrd

32.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

33.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34. Defendant has violated TILA, with respect to the JJByrd Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Joseph and Josie Byrd respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the JJByrd Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Collins Loan**

35.    Plaintiffs Henry and Hattie Collins are adult residents of Marengo County, Alabama and at all material times resided at 145 Nash Road in Faunsdale, Alabama.

36.    On or about July 19, 2005, Mr. and Mrs. Collins obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $60,350 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Collins Loan").

37.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Collins loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

38.    With respect to the Collins loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

39.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Henry and Hattie Collins retained their right to cancel the transaction.

40.    By letter dated January 24, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

**COUNT III**
**TILA Violations - Collins**

43.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45.    Defendant has violated TILA, with respect to the Collins Loan, in at least the following ways:

>    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

>    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Henry and Hattie Collins respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)   Rescission of the Collins Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Higgins Loan**

46.   Plaintiffs Justin and Heather Higgins are adult residents of Mobile County, Alabama and at all material times resided at 550 Gaylark Road West in Mobile, Alabama.

47.   On or about February 3, 2006, Mr. and Mrs. Higgins obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $61,600 and was secured by a

mortage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Higgins Loan").

48.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Higgins loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

49.    With respect to the Higgins loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Justin and Heather Higgins retained their right to cancel the transaction.

51.    By letter dated February 1, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

52.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT IV
## <u>TILA Violations - Higgins</u>

54.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

55.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendant has violated TILA, with respect to the Higgins Loan, in at least the following ways:

> (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Justin and Heather Higgins respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Higgins Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Smith Loan**

57.    Plaintiffs Edward and Eleanor Smith are adult residents of Montgomery County, Alabama, and at all material times resided at 3712 Melabar Road, in Montgomery, Alabama.

58.    On or about December 30, 2004, Mr. and Mrs. Smith obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $79,900 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Morgan Loan").

59.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Smith loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60.     With respect to the Smith loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

61.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Edward and Eleanor Smith retained their right to cancel the transaction.

62.    By letter dated January 16, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

63.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT V
## TILA Violations - Smith

65.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67.     Defendant has violated TILA, with respect to the Smith Loan, in at least the following ways:

(A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Edward and Eleanor Smith respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Smith Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Robinson Loan**

68.    Plaintiff Linda Robinson is an adult resident of Montgomery County, Alabama, and at all material times resided at 3345 Brookwood Dr. in Montgomery, Alabama.

69.     On or about November 10, 2005, Ms. Robinson obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $66,300 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Robinson Loan").

70.     AMC failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

71.     With respect to the Robinson loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

72.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Robinson retained her right to cancel the transaction.

73.     By letter dated January 16, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

74.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's

clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT VI
### TILA Violations - Robinson

76.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

77.    Plaintiff has properly and effectively cancelled and rescinded the Robinson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78.    Defendant has violated TILA, with respect to the Robinson Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Linda Robinson respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Robinson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Byrd Loan**

79.    Plaintiff Ellaween Byrd is an adult resident of Mobile County, Alabama, and at all material times resided at 20140 Patillo Road in Mount Vernon, Alabama.

80.    On or about November 16, 2004, Ms. Byrd obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Byrd Loan").

81.    AMC failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank,

unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

82.    With respect to the Byrd loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

83.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Byrd retained her right to cancel the transaction.

84.    By letter dated January 8, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

85.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

86.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT VII
## <u>TILA Violations - Byrd</u>

87.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

88.    Plaintiff has properly and effectively cancelled and rescinded the Byrd Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

89.    Defendant has violated TILA, with respect to the Byrd Loan, in at least the following ways:

      (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Ellaween Byrd respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Byrd Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Riley Loan**

90.    Plaintiff Joe Riley is an adult resident of Montgomery County, Alabama, and at all material times resided at 2662 Burkeluan Dr. in Montgomery, Alabama.

91.    On or about April 12, 2006, Mr. Riley obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $137,750 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Riley Loan").

92.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

93.    With respect to the Riley loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period

provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

94.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Riley retained his right to cancel the transaction.

95.     By letter dated January 16, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

96.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

97.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT VIII
## TILA Violations - Riley

98.      Plaintiff realleges all the preceding allegations referenced as if set out here in full.

99.     Plaintiff has properly and effectively cancelled and rescinded the Riley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

100.     Defendant has violated TILA, with respect to the Riley Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Joe Riley respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Riley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Resmondo Loan**

101.    Plaintiff Wallace Resmondo is an adult resident of Baldwin County, Alabama, and at all material times resided at 17334 A Lehmann Lane in Summerdale, Alabama.

102.    On or about December 16, 2004, Mr. Resmondo obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $80,000 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Resmondo Loan").

103.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

104.    With respect to the Resmondo loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

105.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Resmondo retained his right to cancel the transaction.

106.    By letter dated February 1, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

107.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT IX
## TILA Violations - Resmondo

109.     Plaintiff realleges all the preceding allegations referenced as if set out here in full.

110.    Plaintiff has properly and effectively cancelled and rescinded the Resmondo Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.    Defendant has violated TILA, with respect to the Resmondo Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)     By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Wallace Resmondo respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Resmondo Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Murrell Loan**

112.    Plaintiff Jimmy Murrell is an adult resident of Montgomery County, Alabama, and at all material times resided at 1347 Avalon Lane in Montgomery, Alabama.

113.    On or about August 30, 2005, Mr. Riley obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $60,375 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "Murrell Loan").

114.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

115.    With respect to the Murrell loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

116.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Murrell retained his right to cancel the transaction.

117.    By letter dated January 16, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

118.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

119.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

### COUNT X
### TILA Violations - Murrell

120.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

121.    Plaintiff has properly and effectively cancelled and rescinded the Murrell Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

122.    Defendant has violated TILA, with respect to the Murrell Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Jimmy Murrell respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)      Statutory damages as provided in 15 U.S.C. § 1640(a);

B)      Actual damages in an amount to be determined at trial;

C)      Rescission of the Murrell Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)      A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)      Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)      A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)      An award of reasonable attorney fees and costs; and

H)      Such other relief at law or equity as this Court may deem just and proper.

**The Butler Loan**

123.    Plaintiffs James and Addie Butler are adult residents of Mobile County, Alabama and at all material times resided at 4514 Connie Ave. in Eight Mile, Alabama.

124.    On or about March 3, 2005, Mr. and Mrs. Butler obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $72,000 and was secured by a mortgage security interest in Plaintiffs' home.  (This loan is hereinafter referred to as the "Butler Loan").

125.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Butler loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

126.    With respect to the Butler loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

127.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs James and Addie Butler retained their right to cancel the transaction.

128.    By letter dated February 28, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

129.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's

clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

130.   AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT XI
## TILA Violations - Butler

131.   Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

132.   Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

133.   Defendant has violated TILA, with respect to the Butler Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)   By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Joseph and Josie Byrd respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)   Statutory damages as provided in 15 U.S.C. § 1640(a);

B)   Actual damages in an amount to be determined at trial;

C)     Rescission of the JJByrd Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Singleton Loan**

134.     Plaintiffs Gary and Veleicia Singleton are adult residents of Mobile County, Alabama and at all material times resided at 415 Morgan Ave. in Mobile, Alabama.

135.     On or about June 10, 2005, Mr. and Mrs. Singleton obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $95,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Singleton Loan").

136.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Singleton loan.  The form notices that were supplied to Plaintiffs were blank, unsigned and not dated.  At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

137.    With respect to the Singleton loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

138.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Gary and Veleicia Singleton retained their right to cancel the transaction.

139.    By letter dated January 24, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

140.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

141.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

**COUNT XII**
**TILA Violations - Singleton**

142.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

143.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

144.    Defendant has violated TILA, with respect to the Singleton Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Gary and Veleicia Singleton respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the Singleton Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)   A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)   Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The CMeans Loan**

145.   Plaintiff Christine Means is an adult resident of Mobile County, Alabama and at all material times resided at 4505 Charles E. Hall Drive in Eight Mile, Alabama.

146.   On or about June 16, 2005, Ms. Means obtained a residential real estate mortgage loan with AMC.  The total amount of the loan was $60,350 and was secured by a mortgage security interest in Plaintiff's home.  (This loan is hereinafter referred to as the "CMeans Loan").

147.   AMC failed to provide the required notices of the Plaintiff's right to cancel her loan.  The form notices that were supplied to the Plaintiff were blank, unsigned and not dated.  At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

148.    With respect to the CMeans loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period."  That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA.  The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA.  That notice was also delivered unsigned and undated.

149.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Bradley retained her right to cancel the transaction.

150.    By letter dated February 12, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

151.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

152.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT XIII
## TILA Violations - CMeans

153.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

154.    Plaintiff has properly and effectively cancelled and rescinded the CMeans Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

155.    Defendant has violated TILA, with respect to the CMeans Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Christine Means respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the CMeans Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)   A declaration that Plaintiff has no duty to tender the loan proceeds to
     AMC, but in the alternative, if tender is required, a determination of the
     amount of tender obligation in light of all of the Plaintiff's claims, and an
     order requiring the AMC to accept tender on reasonable terms and over a
     reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO**

**TRIABLE.**

JAMES D. PATTERSON (PATTJ6485)
Attorney for Plaintiff
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, Alabama 36533
Voice 251.990.5558
Fax 251.990.0626
jpatterson@alalaw.com

s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiffs
P.O. Box 1206
Mobile, AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

℘AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

Southern _____ District of _____ Alabama _____

DORETHA BRADLEY, ET AL.

**SUMMONS IN A CIVIL CASE**

V.

AMERIQUEST MORTGAGE CO.,
et al.

CASE NUMBER:  CV-08-0183

TO: (Name and address of Defendant)

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL  36104

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

JAMES D. PATTERSON
Law Offices of Earl. P. Underwood, Jr.
21 South Section Street
Post Office Box 969
Fairhope, AL  36533-0969

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK                                                    DATE

(By) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the third-party defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                    Date                          Signature of Server

_____
Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

08-0183-C

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

DORETHA BRADLEY; JOSEPH & JOSIE BYRD; HENRY & HATTIE COLLINS; JUSTIN & HEATHER HIGGINS; EDWARD & ELEANOR SMITH; LINDA ROBINSON; ELLAWEEN BYRD; JOE RILEY; WALLACE RESMONDO; JIMMY MURRELL; JAMES & ADDIE BUTLER; GARY & VELEICIA SINGLETON; CHRISTINE MEANS

## DEFENDANTS

AMERIQUEST MORTGAGE COMPANY

**(b)** County of Residence of First Listed Plaintiff **BALDWIN**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

James D. Patterson, Law Offices of Earl P. Underwood, Jr.,
P. O. Box 969, Fairhope, AL 36533  251-990-5558

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☒ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. § 1601 et seq.

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions)    JUDGE _____    DOCKET NUMBER _____

DATE
04/07/2008

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____