**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **DORETHA BRADLEY; JOSEPH & JOSIE BYRD; HENRY & HATTIE COLLINS; JUSTIN & HEATHER HIGGINS; EDWARD & ELEANOR SMITH; LINDA ROBINSON; ELLAWEEN BYRD; JOE RILEY; WALLACE RESMONDO; JIMMY MURRELL; JAMES & ADDIE BUTLER; GARY & VALECIA SINGLETON, CHRISTINE MEANS,** | ) ) ) ) ) ) ) ) ) | |
| | ) | **CASE NO:  1:08-cv-00183-C** |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **AMERIQUEST MORTGAGE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S MOTION TO STAY

**COMES NOW** the defendant, Ameriquest Mortgage Company, and hereby moves this Court to stay this matter pending its transfer by the Judicial Panel on Multidistrict Litigation.  In support thereof, defendant states as follows:

1.    On or about April 10, 2008, the plaintiffs filed a Notice of Potential Tag-Along Action ("Notice") with the Judicial Panel on Multidistrict Litigation.  A copy of the Notice is attached hereto as Exhibit "A."  By way of the Notice, the plaintiffs requested that the Judicial Panel transfer this matter to the Northern District of Illinois.

2.    On April 23, 2008, the Judicial Panel on Multidistrict Litigation entered a Conditional Transfer Order to transfer this matter from this Court to the United States District

Court for the Northern District of Illinois.[1]  If neither party files a notice of opposition within 15 days, the Judicial Panel will transmit the Conditional Transfer Order to the United States District Court for the Northern District of Illinois, and the transfer will take effect upon receipt by the Clerk in Illinois.

3.    In considering whether to stay proceedings pending transfer by the Judicial Panel, the United States District Court for the Southern District of Alabama has stayed proceedings in similar matters after considering "judicial efficiency" and "avoiding inconsistent results between sister courts."[2]  Judge Steele explained:  "The presence of a batch of similar motions before the MDL Court also exposes the risk of inconsistent results that would arise were the Court to rule on the motion before it."[3]

4.    Accordingly, Ameriquest Mortgage Company respectfully requests that this Court stay this matter pending its transfer to the United States District Court for the Northern District of Illinois by the Judicial Panel on Multidistrict Litigation.

---

[1] A copy of the Judicial Panel's Conditional Transfer Order and the Judicial Panel's Clerk's transmittal letter to counsel is attached hereto as Exhibit "B."

[2] *See Thomas v. Ameriquest Mortgage Co.*, Case No. 07-0652-WS-C, 2007 WL 3287842, at * 1 (S.D. Ala. Nov. 5, 2007); *Boudin v. Residential Essentials, LLC*, Civil Action No. 07-0018-WS-C, 2007 WL 2609510 (S.D. Ala. Sept. 6, 2007); *see also Betts v. Eli Lilly & Co.*, 435 F. Supp.2d 1180, 1182 (S.D. Ala. 2006) (explaining standards considered in reviewing motion to stay).

[3] *See Boudin*, 2007 WL 2609510, at * 1

Respectfully submitted,


s/ Stephen J. Bumgarner
Stephen J. Bumgarner (BUMGS2089)
sbumgarn@burr.com

Attorney for Defendant Ameriquest
Mortgage Company

**OF COUNSEL:**

BURR & FORMAN LLP
Suite 3400, Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone: (205) 251-3000
Facsimile:  (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following:

James D. Patterson, Esq.
Earl P. Underwood, Esq.
Law Offices of Earl P. Underwood, Jr.
P. O. Box 969
Fairhope, AL  36533

Kenneth J. Riemer, Esq.
P. O. Box 1206
Mobile, AL  36633


s/ Stephen J. Bumgarner
Of Counsel

**Exhibit A**

**BEFORE THE JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION**

| | |
|---|---|
| In re: AMERIQUEST MORTGAGE CO. ) | |
| MORTGAGE LENDING PRACTICES ) | |
| LITIGATION ) | MDL Docket No. 1715 |
| ) | |

<u>**NOTICE OF POTENTIAL TAG-ALONG ACTION**</u>

PLEASE TAKE NOTICE that, pursuant to J.P.M.L. Rules 7.2(i) and 7.5(e), the undersigned counsel for the plaintiffs gives notice of the following potential tag-along action:

1.   *Doretha Bradley, et al. v. Ameriquest Mortgage Company,* Case No. 1:08-cv-00183-C (Southern District of Alabama, Southern Division) Magistrate Judge

William E. Cassady, presiding. A true and correct copy
of the complaint in the Tag-along Action is attached as
Exhibit A.

Plaintiffs in this Tag-along Action are plaintiffs in the putative
national class actions transferred by the Panel to the Northern District of
Illinois for consolidated and coordinated pretrial proceedings (the
"Borrowers' Consolidated Class). These Tag-along Actions allege the same
general conduct, claim the same injury and see the same relief as the
Borrowers' Consolidated Class Action. Likewise, these Tag-along Actions
rely upon the same legal theories, require the same or similar factual
determinations, and are governed by the same law.

Therefore, the Plaintiffs respectfully request that the Panel transfer
this Tag-along Action to the Northern District of Illinois pursuant to
J.P.M.L. Rule 7.4.

Respectfully Submitted this 10th day of April, 2008.

EARL P. UNDERWOOD, JR.
Counsel for Plaintiffs
Law Offices of Earl P. Underwood, Jr
Post Office Box 969
Fairhope, AL 36533-0969
(Telephone):     251-990-5558
(Facsimile):     251-990-0626
epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this the 10th day of April, 2008, a copy of the foregoing was served on counsel for all parties to this proceeding by placing a copy of same in the U.S. Mail, properly addressed and first-class postage prepaid to:

Stephen J. Bumgarner
Burr & Forman, LLP
3400 Wachovia Tower
420 North 20th St.
Birmingham, AL 35203

Kenneth J. Riemer
Kenneth J. Riemer, Attorney at Law
P.O. Box 1206
166 Government St.
Mobile AL 36633

Earl P. Underwood, Jr.

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**



DORETHA BRADLEY; JOSEPH & JOSIE )
BYRD; HENRY & HATTIE COLLINS; )
JUSTIN & HEATHER HIGGINS; EDWARD & )
ELEANOR SMITH; LINDA ROBINSON; )
ELLAWEEN BYRD; JOE RILEY; WALLACE )
RESMONDO; JIMMY MURRELL; JAMES & )
ADDIE BUTLER; GARY & VELEICIA )
SINGLETON; CHRISTINE MEANS, )
                             )

      **Plaintiffs,**          )

                             )

**v.**                       ) **CASE NUMBER: 08-0183**

                             )

AMERIQUEST MORTGAGE COMPANY, )
INC., )
                             )

      **Defendant.**         )

## COMPLAINT

NOW COME the Plaintiffs and as their Complaint against Defendant Ameriquest Mortgage

Company, Inc. aver as follows:

### JURISDICTION

This action includes claims which arise under the statutes of the United States and this

Court's jurisdiction is conferred by 28 U.S.C. § 1331.

### SUMMARY OF CLAIMS

These claims arise from real estate loan transactions resulting in mortgages upon

Plaintiffs' homes, all of which are located in this district. Each of the Plaintiffs asserts claims

against Defendant Ameriquest Mortgage Company, Inc. ("AMC") arising under the federal

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. All of the Plaintiffs' claims arise from

the same general conduct, seek the same relief, rely upon the same legal theories, require

application of the same legal principals and require the same or similar factual determinations. Each of the Plaintiffs alleges that AMC, the originator of each of the Plaintiffs' loans, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, each Plaintiff has retained their right to cancel the transaction. Each Plaintiff has exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. As to each of the Plaintiffs, AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, plus attorney's fees and costs.

### THE PARTIES

Plaintiffs are all of full age of majority and reside in this district.

Ameriquest Mortgage Company ("AMC") is a California corporation with its principal place of business at Orange, California. At all relevant times, AMC was engaged in the making, holding and/or selling of federally related residential mortgage loans. AMC does business in this district by making, holding and/or selling mortgage loans secured by residential real property within this district.

### FACTS

#### Applicable Truth In Lending Act Requirements

3.      Each of the Plaintiffs' loans is subject to the federal Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg. Z").

TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to each of the Plaintiffs' loans.

4.     Pursuant to 15 U.S.C. § 1635(a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction;" (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA. 15 U.S.C. § 1635(a). Section 1635(a) requires that each borrower receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. § 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. § 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. § 1635(f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. § 1641(c).

5.     A consumer may exercise his right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R. § 226.23(a)(2).

6.     When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. § 1635(b).

7.     Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the

termination of any security interest created under the transaction. 15 U.S.C. § 1635(b), 12 C.F.R. § 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. § 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

8.    As to each of the Plaintiffs' loans, AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

9.    With respect to each of the Plaintiffs' loans, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned.

10.    Pursuant to TILA, Section 15 U.S.C. § 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

11.    Each of the Plaintiffs has exercised their right to cancel the transaction and has notified AMC of her election to cancel as required by 15 U.S.C. § 1635. As to each of the Plaintiffs, AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

12.    AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

**The Bradley Loan**

13.     Plaintiff Doretha Bradley is an adult resident of Baldwin County, Alabama and at all material times resided at 103 Richmond Road in Daphne, Alabama.

14.     On or about December 15, 2004, Ms. Bradley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $121,500 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Bradley Loan").

15.     AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

16.     With respect to the Bradley loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

17.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Bradley retained her right to cancel the transaction.

18.     By letter dated March 4, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

19.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a

violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

20.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT I
## TILA Violations - Bradley

21.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

22.    Plaintiff has properly and effectively cancelled and rescinded the Bradley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

23.    Defendant has violated TILA, with respect to the Bradley Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Doretha Bradley respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Bradley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The JJByrd Loan**

24.    Plaintiffs Joseph and Josie Byrd are adult residents of Mobile County, Alabama and at all material times resided at 2426 Redfox Road in Mount Vernon, Alabama.

25.    On or about March 31, 2005, Mr. and Mrs. Byrd obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $107,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "JJByrd Loan").

26.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the JJByrd loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not

dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

27.    With respect to the JJByrd loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

28.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Joseph and Josie Byrd retained their right to cancel the transaction.

29.    By letter dated February 5, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

30.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT II
### TILA Violations - JJByrd

32.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

33.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

34.    Defendant has violated TILA, with respect to the JJByrd Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Joseph and Josie Byrd respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the JJByrd Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

    D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

    E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

    F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender

obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC

to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Collins Loan**

35.    Plaintiffs Henry and Hattie Collins are adult residents of Marengo County,

Alabama and at all material times resided at 145 Nash Road in Faunsdale, Alabama.

36.    On or about July 19, 2005, Mr. and Mrs. Collins obtained a residential real estate

mortgage loan with AMC. The total amount of the loan was $60,350 and was secured by a

mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the

"Collins Loan").

37.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the

Collins loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not

dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed

notice of their right to cancel the transaction.

38.    With respect to the Collins loan, AMC included in its closing papers a document

purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent

with the required notice and with the statutory cancellation period provided by TILA. The "One-

Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights

and violates the requirements of TILA. That notice was also delivered unsigned and undated.

39.    As a result of AMC's failure to provide the notices and disclosures required by

TILA, Plaintiffs Henry and Hattie Collins retained their right to cancel the transaction.

40.    By letter dated January 24, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

41.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.  The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

42.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT III
### TILA Violations - Collins

43.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

44.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

45.    Defendant has violated TILA, with respect to the Collins Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Henry and Hattie Collins respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Collins Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Higgins Loan**

46.    Plaintiffs Justin and Heather Higgins are adult residents of Mobile County, Alabama and at all material times resided at 550 Gaylark Road West in Mobile, Alabama.

47.    On or about February 3, 2006, Mr. and Mrs. Higgins obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $61,600 and was secured by a

mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Higgins Loan").

48.     AMC failed to provide the required notices of the Plaintiffs' right to cancel the Higgins loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

49.     With respect to the Higgins loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

50.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Justin and Heather Higgins retained their right to cancel the transaction.

51.     By letter dated February 1, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

52.     Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

53.     AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT IV
### TILA Violations - Higgins

54.     Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

55.     Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

56.     Defendant has violated TILA, with respect to the Higgins Loan, in at least the following ways:

  (A)     By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Justin and Heather Higgins respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)     Statutory damages as provided in 15 U.S.C. § 1640(a);

B)     Actual damages in an amount to be determined at trial;

C)     Rescission of the Higgins Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)     Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)     A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)     An award of reasonable attorney fees and costs; and

H)     Such other relief at law or equity as this Court may deem just and proper.

**The Smith Loan**

57.    Plaintiffs Edward and Eleanor Smith are adult residents of Montgomery County, Alabama, and at all material times resided at 3712 Melabar Road, in Montgomery, Alabama.

58.    On or about December 30, 2004, Mr. and Mrs. Smith obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $79,900 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Morgan Loan").

59.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Smith loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

60.    With respect to the Smith loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

61.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Edward and Eleanor Smith retained their right to cancel the transaction.

62.    By letter dated January 16, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

63.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

64.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT V
### TILA Violations - Smith

65.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

66.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

67.    Defendant has violated TILA, with respect to the Smith Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Edward and Eleanor Smith respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Smith Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Robinson Loan**

68.    Plaintiff Linda Robinson is an adult resident of Montgomery County, Alabama, and at all material times resided at 3345 Brookwood Dr. in Montgomery, Alabama.

69.    On or about November 10, 2005, Ms. Robinson obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $66,300 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Robinson Loan").

70.    AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

71.    With respect to the Robinson loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

72.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Robinson retained her right to cancel the transaction.

73.    By letter dated January 16, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

74.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's

clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

75.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

**COUNT VI**
**TILA Violations - Robinson**

76.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

77.    Plaintiff has properly and effectively cancelled and rescinded the Robinson Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

78.    Defendant has violated TILA, with respect to the Robinson Loan, in at least the following ways:

> (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and
>
> (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Linda Robinson respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Robinson Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Byrd Loan**

79.    Plaintiff Ellaween Byrd is an adult resident of Mobile County, Alabama, and at all material times resided at 20140 Patillo Road in Mount Vernon, Alabama.

80.    On or about November 16, 2004, Ms. Byrd obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $60,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Byrd Loan").

81.    AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank,

unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

82.     With respect to the Byrd loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

83.     As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Byrd retained her right to cancel the transaction.

84.     By letter dated January 8, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

85.     Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

86.     AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT VII
## TILA Violations - Byrd

87.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

88.    Plaintiff has properly and effectively cancelled and rescinded the Byrd Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

89.    Defendant has violated TILA, with respect to the Byrd Loan, in at least the following ways:

    (A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

    (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Ellaween Byrd respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

    A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

    B)    Actual damages in an amount to be determined at trial;

    C)    Rescission of the Byrd Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

    D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Riley Loan**

90.    Plaintiff Joe Riley is an adult resident of Montgomery County, Alabama, and at all material times resided at 2662 Burkeluan Dr. in Montgomery, Alabama.

91.    On or about April 12, 2006, Mr. Riley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $137,750 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Riley Loan").

92.    AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

93.    With respect to the Riley loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period

provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

94.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Riley retained his right to cancel the transaction.

95.    By letter dated January 16, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

96.    Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

97.    AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT VIII
## TILA Violations - Riley

98.    Plaintiff realleges all the preceding allegations referenced as if set out here in full.

99.    Plaintiff has properly and effectively cancelled and rescinded the Riley Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

100.    Defendant has violated TILA, with respect to the Riley Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Joe Riley respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Riley Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)   An award of reasonable attorney fees and costs; and

H)   Such other relief at law or equity as this Court may deem just and proper.

**The Resmondo Loan**

101.   Plaintiff Wallace Resmondo is an adult resident of Baldwin County, Alabama, and at all material times resided at 17334 A Lehmann Lane in Summerdale, Alabama.

102.   On or about December 16, 2004, Mr. Resmondo obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $80,000 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Resmondo Loan").

103.   AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

104.   With respect to the Resmondo loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

105.   As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Resmondo retained his right to cancel the transaction.

106.   By letter dated February 1, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

107.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

108.   AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT IX
### TILA Violations - Resmondo

109.   Plaintiff realleges all the preceding allegations referenced as if set out here in full.

110.   Plaintiff has properly and effectively cancelled and rescinded the Resmondo Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

111.   Defendant has violated TILA, with respect to the Resmondo Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

      (B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Wallace Resmondo respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Resmondo Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Murrell Loan**

112.   Plaintiff Jimmy Murrell is an adult resident of Montgomery County, Alabama, and at all material times resided at 1347 Avalon Lane in Montgomery, Alabama.

113.   On or about August 30, 2005, Mr. Riley obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $60,375 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "Murrell Loan").

114.   AMC failed to provide the required notices of the Plaintiff's right to cancel his loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of his right to cancel the transaction.

115.   With respect to the Murrell loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

116.   As a result of AMC's failure to provide the notices and disclosures required by TILA, Mr. Murrell retained his right to cancel the transaction.

117.   By letter dated January 16, 2008, Plaintiff, through his attorney, notified AMC of his election to rescind the loan.

118.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

119.   AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as his principal dwelling.

## COUNT X
## TILA Violations - Murrell

120.   Plaintiff realleges all the preceding allegations referenced as if set out here in full.

121.   Plaintiff has properly and effectively cancelled and rescinded the Murrell Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

122.   Defendant has violated TILA, with respect to the Murrell Loan, in at least the following ways:

(A)   By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)   By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Jimmy Murrell respectfully requests that this Court enter judgment against AMC and in his favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Murrell Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiff's claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Butler Loan**

123.    Plaintiffs James and Addie Butler are adult residents of Mobile County, Alabama and at all material times resided at 4514 Connie Ave. in Eight Mile, Alabama.

124.    On or about March 3, 2005, Mr. and Mrs. Butler obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $72,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Butler Loan").

125.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Butler loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

126.    With respect to the Butler loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

127.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs James and Addie Butler retained their right to cancel the transaction.

128.    By letter dated February 28, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

129.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's

clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

130.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT XI
## TILA Violations - Butler

131.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

132.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

133.    Defendant has violated TILA, with respect to the Butler Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Joseph and Josie Byrd respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the JJByrd Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**The Singleton Loan**

134.    Plaintiffs Gary and Veleicia Singleton are adult residents of Mobile County, Alabama and at all material times resided at 415 Morgan Ave. in Mobile, Alabama.

135.    On or about June 10, 2005, Mr. and Mrs. Singleton obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $95,000 and was secured by a mortgage security interest in Plaintiffs' home. (This loan is hereinafter referred to as the "Singleton Loan").

136.    AMC failed to provide the required notices of the Plaintiffs' right to cancel the Singleton loan. The form notices that were supplied to Plaintiffs were blank, unsigned and not dated. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

137.    With respect to the Singleton loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

138.    As a result of AMC's failure to provide the notices and disclosures required by TILA, Plaintiffs Gary and Veleicia Singleton retained their right to cancel the transaction.

139.    By letter dated January 24, 2008, Plaintiffs, through their attorney, notified AMC of their election to rescind the loan.

140.    Despite having received notice of Plaintiffs' election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

141.    AMC, prior to the delivery of the notice of Plaintiffs' election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

## COUNT XII
### TILA Violations - Singleton

142.    Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

143.    Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

144.    Defendant has violated TILA, with respect to the Singleton Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiffs in connection with the loan; and

(B)    By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEREFORE, Plaintiffs Gary and Veleicia Singleton respectfully request that this Court enter judgment against AMC and in their favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the Singleton Loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

D)  A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)  Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with the transaction;

F)  A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring the AMC to accept tender on reasonable terms and over a reasonable period of time;

G)  An award of reasonable attorney fees and costs; and

H)  Such other relief at law or equity as this Court may deem just and proper.

**The CMeans Loan**

145.    Plaintiff Christine Means is an adult resident of Mobile County, Alabama and at all material times resided at 4505 Charles E. Hall Drive in Eight Mile, Alabama.

146.    On or about June 16, 2005, Ms. Means obtained a residential real estate mortgage loan with AMC. The total amount of the loan was $60,350 and was secured by a mortgage security interest in Plaintiff's home. (This loan is hereinafter referred to as the "CMeans Loan").

147.    AMC failed to provide the required notices of the Plaintiff's right to cancel her loan. The form notices that were supplied to the Plaintiff were blank, unsigned and not dated. At no point at or after closing was the Plaintiff provided a completed, dated or signed notice of her right to cancel the transaction.

148.   With respect to the CMeans loan, AMC included in its closing papers a document purporting to grant a "One-Week Cancellation Period." That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One-Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was also delivered unsigned and undated.

149.   As a result of AMC's failure to provide the notices and disclosures required by TILA, Ms. Bradley retained her right to cancel the transaction.

150.   By letter dated February 12, 2008, Plaintiff, through her attorney, notified AMC of her election to rescind the loan.

151.   Despite having received notice of Plaintiff's election to cancel the transaction, Defendant has failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiff's loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

152.   AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiff as her principal dwelling.

## COUNT XIII
## TILA Violations - CMeans

153.   Plaintiff realleges all the preceding allegations referenced as if set out here in full.

154.    Plaintiff has properly and effectively cancelled and rescinded the CMeans Loan in accordance with the rights and procedure set out in 15 U.S.C. § 1635.

155.    Defendant has violated TILA, with respect to the CMeans Loan, in at least the following ways:

(A)    By failing to take actions after rescission as required by 15 U.S.C. § 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff in connection with the loan; and

(B)    By failing to give proper notice of Plaintiff's right to cancel the transaction.

WHEREFORE, Plaintiff Christine Means respectfully requests that this Court enter judgment against AMC and in her favor, and pursuant to 15 U.S.C. § 1640(a), award the following relief:

A)    Statutory damages as provided in 15 U.S.C. § 1640(a);

B)    Actual damages in an amount to be determined at trial;

C)    Rescission of the CMeans Loan, including a declaration that Plaintiff is not liable for any finance charges or other charges imposed;

D)    A declaration that the security interest in Plaintiff's property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

E)    Return of any money or property given by the Plaintiff to anyone, including the Defendants, in connection with the transaction;

F)    A declaration that Plaintiff has no duty to tender the loan proceeds to
AMC, but in the alternative, if tender is required, a determination of the
amount of tender obligation in light of all of the Plaintiff's claims, and an
order requiring the AMC to accept tender on reasonable terms and over a
reasonable period of time;

G)    An award of reasonable attorney fees and costs; and

H)    Such other relief at law or equity as this Court may deem just and proper.

**EACH OF THE PLAINTIFFS DEMANDS TRIAL BY JURY ON ALL ISSUES SO
TRIABLE.**

JAMES D. PATTERSON (PATTJ6485)
Attorney for Plaintiff
Law Offices of Earl P. Underwood, Jr.
PO Box 969
Fairhope, Alabama 36533
Voice 251.990.5558
Fax 251.990.0626
jpatterson@alalaw.com

s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR. (UNDEE6591)
One of the Attorneys for Plaintiffs
Post Office Box 969
Fairhope, Alabama 36533
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

s/ Kenneth J. Riemer
KENNETH J. RIEMER (RIEMK8712)
One of the Attorneys for Plaintiffs
P.O. Box 1206
Mobile, AL 36633
Telephone: (251) 432-9212
Facsimile: (251) 433-7172
Email: kjr@alaconsumerlaw.com

**DEFENDANT AMC TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Ameriquest Mortgage Company
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104

**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

**Exhibit B**

**CHAIRMAN:**
Judge John G. Heyburn II
United States District Court
Western District of Kentucky

**MEMBERS:**
Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

Judge Robert L. Miller, Jr.
United States District Court
Northern District of Indiana

Judge Kathryn H. Vratil
United States District Court
District of Kansas

Judge David R. Hansen
United States Court of Appeals
Eighth Circuit

Judge Anthony J. Scirica
United States Court of Appeals
Third Circuit

**DIRECT REPLY TO:**

Jeffery N. Lüthi
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax:            [202] 502-2888
http://www.jpml.uscourts.gov

April 23, 2008

TO INVOLVED COUNSEL

Re: MDL No. 1715 -- IN RE: Ameriquest Mortgage Co. Mortgage Lending Practices Litigation

(See Attached CTO-42)

Dear Counsel:

Attached hereto is a copy of a conditional transfer order filed today by the Panel involving the above-captioned matter. This matter is transferred pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001). Copies of Rule 5.2, dealing with service, and Rules 7.4 and 7.5, regarding "tag-along" actions, are attached for your convenience.

Inasmuch as there is an unavoidable time lag between notification of the pendency of the tag-along action and the filing of a conditional transfer order, counsel are required by Rule 7.4(b) to notify this office **BY FACSIMILE**, at (202) 502-2888, of any official changes in the status of the tag-along action. These changes could involve dismissal of the action, remand to state court, transfer to another federal court, etc., as indicated by an order filed by the district court. Your cooperation would be appreciated.

**NOTICE OF OPPOSITION DUE ON OR BEFORE:** <u>    May 8, 2008    </u>     **(4 p.m. EST)**
(Facsimile transmission is suggested.)

If you are considering opposing this conditional transfer order, please review Rules 7.4 and 7.5 of the Panel <u>Rules</u> before filing your Notice of Opposition.

A list of involved counsel is attached.

Very truly,

Jeffery N. Lüthi
Clerk of the Panel

By ~~Janusha Spinner~~
Deputy Clerk

Attachments

JPML Form 39

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**

| | | |
|---|---|---|
| Cheryl Hall Frazier v. Argent Mortgage Co., LLC, | ) | |
| M.D. Alabama, C.A. No. 1:08-221 | ) | MDL No. 1715 |
| Doretha Bradley, et al. v. Ameriquest Mortgage Co., Inc., | ) | |
| S.D. Alabama, C.A. No. 1:08-183 | ) | |

## CONDITIONAL TRANSFER ORDER (CTO-42)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 313 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the <u>Rules of Procedure of the Judicial Panel on Multidistrict Litigation</u>, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Jeffery N. Lüthi
Clerk of the Panel

(a)    Upon learning of the pendency of a potential "tag-along action," as defined in Rule 1.1 of these Rules, an order may be entered by the Clerk of the Panel transferring that action to the previously designated transferee district court on the basis of the prior hearing session(s) and for the reasons expressed in previous opinions and orders of the Panel in the litigation. The Clerk of the Panel shall serve this order on each party to the litigation but, in order to afford all parties the opportunity to oppose transfer, shall not send the order to the clerk of the transferee district court for fifteen days from the entry thereof.

(b)    Parties to an action subject to a conditional transfer order shall notify the Clerk of the Panel within the fifteen-day period if that action is no longer pending in its transferor district court.

(c)    Any party opposing the transfer shall file a notice of opposition with the Clerk of the Panel within the fifteen-day period. If a notice of opposition is received by the Clerk of the Panel within this fifteen-day period, the Clerk of the Panel shall not transmit said order to the clerk of the transferee district court until further order of the Panel. The Clerk of the Panel shall notify the parties of the briefing schedule.

(d)    Within fifteen days of the filing of its notice of opposition, the party opposing transfer shall file a motion to vacate the conditional transfer order and brief in support thereof. The Chairman of the Panel shall set the motion for the next appropriate hearing session of the Panel. Failure to file and serve a motion and brief shall be treated as withdrawal of the opposition and the Clerk of the Panel shall forthwith transmit the order to the clerk of the transferee district court.

(e)    Conditional transfer orders do not become effective unless and until they are filed with the clerk of the transferee district court.

(f)    Notices of opposition and motions to vacate such orders of the Panel and responses thereto shall be governed by Rules 5.12, 5.2, 7.1 and 7.2 of these Rules.

RULE 7.5:    MISCELLANEOUS PROVISIONS CONCERNING "TAG-ALONG ACTIONS"

(a)    Potential "tag-along actions" filed in the transferee district require no action on the part of the Panel and requests for assignment of such actions to the Section 1407 transferee judge should be made in accordance with local rules for the assignment of related actions.

(b)    Upon learning of the pendency of a potential "tag-along action" and having reasonable anticipation of opposition to transfer of that action, the Panel may direct the Clerk of the Panel to file a show cause order, in accordance with Rule 7.3 of these Rules, instead of a conditional transfer order.

(c)    Failure to serve one or more of the defendants in a potential "tag-along action" with the complaint and summons as required by Rule 4 of the Federal Rules of Civil Procedure does not preclude transfer of such action under Section 1407. Such failure, however, may be submitted by such a defendant as a basis for opposing the proposed transfer if prejudice can be shown. The inability of the Clerk of the Panel to serve a conditional transfer order on all plaintiffs or defendants or their counsel shall not render the transfer of the action void but can be submitted by such a party as a basis for moving to remand as to such party if prejudice can be shown.

(d)    A civil action apparently involving common questions of fact with actions under consideration by the Panel for transfer under Section 1407, which was either not included in a motion under Rule 7.2 of these Rules, or was included in such a motion that was filed too late to be included in the initial hearing session, will ordinarily be treated by the Panel as a potential "tag-along action."

(e)    Any party or counsel in actions previously transferred under Section 1407 or under consideration by the Panel for transfer under Section 1407 shall promptly notify the Clerk of the Panel of any potential "tag-along actions" in which that party is also named or in which that counsel appears.

RULE 5.2:    SERVICE OF PAPERS FILED

(a)    All papers filed with the Clerk of the Panel shall be accompanied by proof of previous or simultaneous service on all other parties in all actions involved in the litigation. Service and proof of service shall be made as provided in Rules 5 and 6 of the Federal Rules of Civil Procedure. The proof of service shall indicate the name and complete address of each person served and shall indicate the party represented by each. If a party is not represented by counsel, the proof of service shall indicate the name of the party and the party's last known address. The proof of service shall indicate why any person named as a party in a constituent complaint was not served with the Section 1407 pleading. The original proof of service shall be filed with the Clerk of the Panel and copies thereof shall be sent to each person included within the proof of service. After the "Panel Service List" described in subsection (d) of this Rule has been received from the Clerk of the Panel, the "Panel Service List" shall be utilized for service of responses to motions and all other filings. In such instances, the "Panel Service List" shall be attached to the proof of service and shall be supplemented in the proof of service in the event of the presence of additional parties or subsequent corrections relating to any party, counsel or address already on the "Panel Service List."

(b)    The proof of service pertaining to motions for transfer of actions pursuant to 28 U.S.C. §1407 shall certify that copies of the motions have been mailed or otherwise delivered for filing to the clerk of each district court in which an action is pending that will be affected by the motion. The proof of service pertaining to a motion for remand pursuant to 28 U.S.C. §1407 shall certify that a copy of the motion has been mailed or otherwise delivered for filing to the clerk of the Section 1407 transferee district court in which any action affected by the motion is pending.

(c)    Within eleven days of filing of a motion to transfer, an order to show cause or a conditional transfer order, each party or designated attorney shall notify the Clerk of the Panel, in writing, of the name and address of the attorney designated to receive service of all pleadings, notices, orders and other papers relating to practice before the Judicial Panel on Multidistrict Litigation. Only one attorney shall be designated for each party. Any party not represented by counsel shall be served by mailing such pleadings to the party's last known address. Requests for an extension of time to file the designation of attorney shall not be granted except in extraordinary circumstances.

(d)    In order to facilitate compliance with subsection (a) of this Rule, the Clerk of the Panel shall prepare and serve on all counsel and parties not represented by counsel, a "Panel Service List" containing the names and addresses of the designated attorneys and the party or parties they represent in the actions under consideration by the Panel and the names and addresses of the parties not represented by counsel in the actions under consideration by the Panel. After the "Panel Service List" has been received from the Clerk of the Panel, notice of subsequent corrections relating to any party, counsel or address on the "Panel Service List" shall be served on all other parties in all actions involved in the litigation.

(e)    If following transfer of any group of multidistrict litigation, the transferee district court appoints liaison counsel, this Rule shall be satisfied by serving each party in each affected action and all liaison counsel. Liaison counsel designated by the transferee district court shall receive copies of all Panel orders concerning their particular litigation and shall be responsible for distribution to the parties for whom he or she serves as liaison counsel.

**IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION**

MDL No. 1715

## INVOLVED COUNSEL LIST (CTO-42)

Stephen James Bumgarner
BURR & FORMAN LLP
420 North 20th Street
Suite 3400
Birmingham, AL 35203

Bernard E. LeSage
BUCHALTER NEMER PC
1000 Wilshire Blvd.
Suite 1500
Los Angeles, CA 90017

Marvin Allen Miller
MILLER LAW LLC
115 South LaSalle Street
Suite 2910
Chicago, IL 60603

James Donnie Patterson
P.O. Box 969
Fairhope, AL 36533

Kenneth J. Riemer
166 Government Street
Suite 100
Mobile, AL 36602

Dominic J. Rizzi
FAUCHER & CAFFERTY
30 N. LaSalle Street
Suite 3200
Chicago, IL 60602

Earl P. Underwood, Jr.
LAW OFFICES OF EARL P UNDERWOOD JR
P.O. Box 969
Fairhope, AL 36533-0969

Thomas J. Wiegand
WINSTON & STRAWN LLP
35 West Wacker Drive, 45th Floor
Chicago, IL 60601